Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Jennifer L. Boulton, SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> FAMILY HEALTHCARE NETWORK AND DOES 1-10, INCLUSIVE, <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis(es) of disability and/or sex (female-pregnancy, childbirth, and/or related medical condition) and to provide appropriate relief to Charging Party Margarita Mendoza Rivera and other aggrieved

individuals who were employees of Defendant and were adversely affected by such practices. As set forth in greater particularity below, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Family HealthCare Network ("Defendant" or "FHCN") and Does 1-10 (collectively referred to herein as "Defendants") unlawfully discriminated against Charging Party Margarita Mendoza Rivera and a class of aggrieved individuals due to their disability(ies) and/or sex (female-pregnancy, childbirth, and/or related medical condition) when they had taken medical leave by: failing to engage in the interactive process in good faith with, and/or provide a reasonable accommodation to, these individuals; and/or subjecting these individuals to adverse employment actions, including, but not limited to, termination and failure to hire/rehire.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), the PDA, 42 U.S.C. § 2000e(k); Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3)); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court of California, Eastern District.

## PARTIES

4. The Commission is an agency of the United States of America, charged with the administration, interpretation, and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA. The Commission is also charged with the administration, interpretation, and enforcement of Title VII and the PDA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e 5(f)(1) and (3), the PDA, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant Family HealthCare Network has been a corporation doing business in Tulare, Kings, and Fresno counties in the State of California.

6. At all relevant times, Defendant Family HealthCare Network has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Family HealthCare Network has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7). In addition, at all relevant times, Defendant Family HealthCare Network has continuously been an employer engaged in industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. At all relevant times, Defendant Family HealthCare Network has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

10. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, and/or under the direction and control of the others, except as specifically alleged otherwise. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions alleged in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF THE CLAIMS

11. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Margarita Mendoza Rivera ("Charging Party" or "Rivera") filed a charge of discrimination with Plaintiff alleging violations of the ADA and Title VII by Defendant.

12. The EEOC provided Defendant with notice of Charging Party's charge of discrimination.

13. The EEOC investigated Charging Party's charge of discrimination.

14. On April 11, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and Title VII, as amended by the PDA and Title I, as to Charging Party Margarita Mendoza Rivera and other aggrieved employees.

15. The Commission's April 11, 2017 Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

16. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

17. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with the ADA and Title VII through informal methods of conciliation, conference, and persuasion.

18. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

19. On September 22, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

20. All conditions precedent to the institution of this lawsuit have been fulfilled.

21. Defendant has engaged in unlawful employment practices in violations of Section 102 (a) and (b) of the ADA, 42 U.S.C. § 12112 (a) and (b), and/or sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1). On information and belief, these

unlawful employment practices include but are not limited to those described in paragraphs 22 to 27 below.

### FIRST CLAIM

**[ADA – Adverse Actions (*e.g.*, Termination, Failure to Hire/Rehire) – 42 U.S.C. § 12112(a); Failure to Accommodate – 42. U.S.C. § 12112(b)]**

22. Defendant engaged in unlawful practices in violation of Sections 102(a) and (b) of the ADA, 42 U.S.C. §§ 12112(a) and (b), by discriminating against qualified individuals with disabilities who were able to perform their jobs with or without an accommodation, including Charging Party and other aggrieved individuals, due to their disabilities, use of leave as a reasonable accommodation, and/or for exceeding Defendant's maximum leave policy. Defendant's unlawful employment practices include terminating, failing to hire/rehire, and/or failing to engage in the interactive process in good faith with, and provide a reasonable accommodation to, such individuals.

23. At all relevant times, Defendant was aware of the disabilities of Charging Party and other aggrieved individuals.

### SECOND CLAIM

**[Title VII/PDA – Discrimination on the basis of sex (female-pregnancy, childbirth, or related medical condition) – 42 U.S.C. 2000e(k) and 2000e-2(a)(1)]**

24. Defendant engaged in unlawful employment practices in violation of Sections 701(k) and 703(a)(1) of Title VII and the PDA, 42 U.S.C. §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1), by discriminating against Charging Party and other aggrieved individuals affected by pregnancy because of their sex and/or pregnancy, childbirth, or related medical condition(s), and/or use of leave, including protected, pregnancy-related leave. Defendant's unlawful employment practices include terminating and/or failing to rehire/hire Charging Party and other aggrieved individuals. Defendant's unlawful employment practices also include failing to treat Charging Party and other aggrieved individuals the same for all employment related purposes as other persons not affected by pregnancy, childbirth, and/or related medical conditions but similar in their ability or inability to work, including, but not limited to, failing to provide leave,

including leave as a reasonable accommodation, particularly after the use of pregnancy-related, protected leave.

25. At all relevant times, Defendant was aware of that Charging Party and other aggrieved female individuals were affected by pregnancy, childbirth, and/or related medical conditions.

### THIRD CLAIM

**[Intersectional ADA and Title VII/PDA – Discrimination on the basis of disability (Adverse Actions (*e.g.*, Termination / Failure to Hire/Rehire) and Failure to Accommodate) – 42 U.S.C. §§ 42 U.S.C. 12112(a) and (b); and Discrimination on the basis of sex (female-pregnant, childbirth, or related medical condition) – 42 U.S.C. 2000e(k) and 2000e-2(a)(1)]**

26. Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. §§ 12112(a) and (b), and Sections 701(k) and 703(a)(1) of Title VII and the PDA, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1), by discriminated against pregnant individuals with pregnancy-related disabilities who were able to perform their jobs with or without a reasonable accommodation due to their pregnancy-related disability(ies) and sex (female-pregnancy, childbirth, and/or related medical condition) and/or use of leave as a reasonable accommodation for their pregnancy and pregnancy-related disability(ies). Such unlawful employment practices include terminating, failing to hire/rehire, and/or failing to engage in the interactive process in good faith with, and provide a reasonable accommodation to, such individuals. In addition, Defendant's unlawful employment practices include subjecting such individuals to disparate treatment—*i.e.*, failing to treat such individuals the same for all employment-related purposes as those individuals not affected by pregnancy and pregnancy-related disabilities but similar in their ability or inability to work—including, for example, failing to provide leave, including leave in the form of an accommodation, to such individuals.

27. At all relevant times, Defendant was aware of the pregnancy and pregnancy-related disability(ies) of Charging Party and other aggrieved individuals.

28. The unlawful employment practices complained of in paragraphs 22 to 27 above were intentional.

29. The effect of the practices complained of in the above paragraphs has been to inflict emotional pain, suffering, and inconvenience upon Charging Party and other aggrieved individuals.

30. The effect of the practices complained of in the above paragraphs has been to deprive Charging Party and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their disability(ies)

31. The effect of the practices complained of above has been to deprive Charging Party and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female-pregnancy, childbirth, and/or related medical conditions).

32. The effect of the practices complained of in the foregoing paragraphs has been to deprive Charging Party and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female-pregnancy, childbirth, and/or related medical conditions) and pregnancy-related disability(ies).

33. The effects of the practices complained of in the above paragraphs has been to deprive Charging Party and other aggrieved individuals of the financial and other benefits of working for Defendant.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practices which discriminate on the bases of disability(ies) and/or sex (female-pregnancy, childbirth, or related medical condition(s)).

B. Order Defendant to institute and carry out policies, practices, and programs to prevent unlawful employment practices.

C. Order Defendant to make whole Charging Party and other aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.  Order Defendant to make whole Charging Party and other aggrieved individuals by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.  Order Defendant to make whole Charging Party and other aggrieved individuals by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Award the Commission its costs of this action.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:   June 28, 2018                    Respectfully Submitted,

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney