UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY HEALTHCARE NETWORK and DOES 1–10, inclusive,<br><br>Defendants. | No. 1:18-cv-00893-DAD-BAM<br><br>ORDER APPROVING CONSENT DECREE<br><br>(Doc. Nos. 8, 12) |

This matter is before the court on plaintiff's unopposed motion for approval of the parties' consent decree. (Doc. No. 8.) A hearing on the motion was held on October 2, 2018. Attorney Jennifer Boulton appeared telephonically on behalf of plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"). Defendant did not appear.

This suit arises from a charge of discrimination filed with the EEOC by charging party Margarita Mendoza Rivera in August 2011, in which she alleged unlawful employment discrimination on the basis of disability (pregnancy) and sex (female) in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. No. 8 at 3–4.) Pursuant to its statutory authority, the EEOC conducted an investigation into Rivera's allegations. (*Id.* at 4.) In April 2017, the EEOC issued a finding that there was reasonable cause to believe that discrimination had occurred. (*Id.*) The EEOC then

engaged defendant Family HealthCare Network ("FHCN") in an attempt to conciliate the charge, but was unable to reach a settlement. (*Id.*)

On June 28, 2018, the EEOC filed a complaint against FHCN alleging unlawful employment discrimination under the ADA and Title VII, as amended by the Pregnancy Discrimination Act of 1978 ("PDA") and Title I of the Civil Rights Act of 1991. (Doc. No. 1.) The complaint alleged that FHCN unlawfully discriminated against charging party Rivera and a class of similarly situated individuals, due to their disability and/or sex (female-pregnancy, childbirth, and/or related medical condition) when defendant failed to engage in the interactive process in good faith, failed to provide a reasonable accommodation, and subjected the class to adverse employment actions. (*Id.*)

Thereafter, before the defendant appeared in the action, the parties engaged in negotiations and reached a settlement of this matter. (Doc. No. 8 at 4.) On August 9, 2018, the EEOC lodged with the court a proposed consent decree and a motion for approval of the consent decree. (Doc. Nos. 7, 8.) The motion for approval was filed *ex parte* because defendant has not yet appeared in the action, but the EEOC represents that defendant specifically consented to the filing of the motion for approval and does not oppose it. (Doc. No. 8 at 4–5.) On October 17, 2018, following the hearing on the pending motion, the EEOC filed supplemental briefing in support of its motion for approval. (Doc. No. 12.)

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws." *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014). "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989)

(citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment. *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Here, the proposed consent decree provides monetary relief in a total sum of $1,750,000.00, to be allocated to the charging party and a potential class size of over 250 claimants at the sole discretion of the EEOC. (Doc. No. 7-1 § VII.A, Doc. No. 12-1 at 8.) Importantly, it is anticipated that all monetary relief will be distributed to the charging party and to the claimants. (Doc. No. 12-1 at 11.) If any money in the class fund remains undistributed—i.e., a claimant does not cash his or her check—that remainder will be used by defendant for additional anti-discrimination training. (*Id.*; *see also* Doc. No. 7-1 § VII.E.6.)

The proposed consent decree also sets forth various forward-looking injunctive measures. It provides for general injunctive relief, enjoining defendant from engaging in discrimination or retaliation on the basis of disability and/or sex (female-pregnancy, childbirth, and/or related medical condition). (*See* Doc. No. 7-1 § VIII.) The proposed consent decree further provides for specific injunctive relief. For example, the parties agree that defendant will: (1) retain a third-party equal employment opportunity monitor to ensure compliance with the decree and the ADA, Title VII, as amended by the PDA; (2) assign an internal ADA/PDA coordinator to review and process requests for accommodation, complaints regarding disability, sex, and/or pregnancy discrimination, and retaliation; (3) review and, if necessary, revise defendant's policies and procedures regarding the ADA, Title VII, and the PDA; (4) provide interactive training to new hires and employees on federal laws regarding employment discrimination on the basis of disability and/or sex, with a particular emphasis on pregnancy discrimination, as well provide training to supervisors regarding their obligations to handle accommodation requests and engage in the interactive process; (5) post notice of the consent decree and settlement in a conspicuous place accessible to all employees; and (6) provide annual reports to the EEOC documenting compliance with the consent decree. (*See id.* § IX.)

The proposed consent decree is for a term of 3 years after the decree is entered by the court. (*Id.* § IV.B.) However, if defendant complies with all terms, and at the recommendation of the third-party monitor, the consent decree can sunset 6 months before the expiration of the 3-year period. (*Id.*)

In light of the claims and defenses in this action, the court concludes that the proposed consent decree provides substantial relief among claimants and defendant's employees, and that it is the product of a fair arms-length negotiation process. Accordingly, the court finds that the proposed consent decree is fundamentally fair, reasonable, and adequate, and that it is not illegal, a product of collusion, or against the public interest.

For the reasons stated above,

1. Plaintiff's motion for approval of the parties' proposed consent decree (Doc. Nos. 8, 12) is granted;
2. The parties' proposed consent decree (Doc. No. 7-1) is approved;
3. The court retains continuing jurisdiction over the consent decree in this action for the duration of the decree (*see* Doc. No. 7-1 § III.D); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 4, 2018**

_____
UNITED STATES DISTRICT JUDGE